IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DIVISION OF WEST VIRGINIA
Beckley Division

ANNE BROWN, f/k/a GRUBB,

    Plaintiff,

vs.                                                                     Case No. 5:18-cv-01527

OCWEN LOAN SERVICING, LLC

    Defendant.

## COMPLAINT

NOW COMES the Plaintiff, Anne Brown, f/k/a Grubb, who, for her Complaint against the Defendant, Ocwen Loan Servicing, LLC alleges as follows:

1.      Borrower:  Plaintiff, Anne Brown, f/k/a Grubb, is the borrower on the loan that is the subject of this action.  She is a former resident of Greenbrier County, West Virginia where the subject real property is located.  She now resides in Gaston County, North Carolina.  The Plaintiff is a consumer as defined by W. Va. Code §46A-2-122(a) as Plaintiff is a natural person obligated or allegedly obligated to pay any debt.

2.      Servicer: The Defendant, Ocwen Loan Servicing, LLC (hereafter "Ocwen") is a loan servicer and creditor that collects Plaintiffs' payments and fees charged to her mortgage loan.  Ocwen is a corporation chartered in Delaware.  Its principal place of business is believed to be 1661 Worthington Road, Suite 100, West Palm Beach, Florida 33409.  Its agent for service of process is Corporation Service company, 209 West Washington Street, Charleston, West Virginia 25302.

3.      Jurisdiction is proper under 28 U.S. Code § 1332 as this action arises from a dispute between citizens of different states and the amount in controversy is greater than $75,000.

**Operative Facts**

4. On or about October 8, 2005, the Plaintiff obtained a residential home mortgage loan from GMAC Mortgage Corporation DBA ditech.com in the principal sum of $206,000.00 and executed a Note and Deed of Trust securing her home and residential property located Route 2 Box 197, Alderson, Greenbrier County, West Virginia, in favor of GMAC Mortgage Corporation DBA ditech.com [the "subject loan"].

5. At all relevant times, the Defendant Ocwen served as the loan servicer and took actions, including issuing collection letters and assessing fees, on behalf of the holder.

6. The subject loan was incurred primarily for personal, family or household purposes.

7. West Virginia Code § 46A-2-115 prohibits agreements that evidence a consumer credit sale or a consumer loan from providing for "charges as a result of default by the consumer" other than those authorized by Chapter 46A.

8. West Virginia Code § 46A-2-127 prohibits the use of "any fraudulent, deceptive or misleading representation or means to collect or attempt to collect claims or to obtain information concerning consumers."

9. Among the examples of conduct deemed to violate section 2-127 is "[a]ny representation that an existing obligation of the consumer may be increased by the addition of attorney's fees, investigation fees, service fees or any other fees or charges when in fact such fees or charges may not legally be added to the existing obligation." W. Va. Code § 46A-2-127(g).

10. West Virginia Code § 46A-2-128(c) prohibits a debt collector from "collect[ing] or attempt[ing] to collect from the consumer all or any part of the debt collector's fee or charge for services rendered."

11. West Virginia Code § 46A-2-128(d) prohibits "[t]he collection of or the attempt to collect any interest or other charge, fee or expense incidental to the principal obligation unless such interest or incidental fee, charge or expense is expressly authorized by the agreement creating the obligation and by statute."

12. No West Virginia statute expressly authorizes the Defendant to collect attorneys' fees, inspection fees or the other default charges threatened or assessed by Ocwen.

13. The agreements that evidence this consumer loan do not provide for attorney fee charges as a result of default of the consumer. Indeed the applicable deed of trust at paragraph 25 states as follows: "[t]he provisions in this Security Instrument to pay attorneys' fees" shall be void."

14. Defendant Ocwen threatened to assess and/or assessed a host of unlawful default fees to the loan, including, but not limited to, "attorney's fees", "legal fees", other foreclosure related fees, and "inspection fees." It did so thorough misleading representations and at times where no foreclosure sale was held or even scheduled.

15. At times, when the Plaintiff may or may not have been behind and/or in default on her loan, she received numerous letters and notices from Ocwen that violate West Virginia law, including, but not limited to, letters and notices that are the same or substantially similar to the following (emphasis added):

**NOTICE OF DEFAULT**

"Upon acceleration, your total obligation will be immediately due and payable without further demand. In foreclosure proceedings, **we are entitled to collect** your total arrearage in addition to any expenses of foreclosure, including but not limited to reasonable **attorney's fees and costs**. …

Please be aware that, after acceleration of the debt, **there may be expenses and attorney's fees and costs** incurred by Ocwen to enforce the mortgage in addition to the overdue amount on the mortgage. Any payment to reinstate the mortgage

loan after acceleration **must therefore include an amount sufficient to cover such expenses and fees incurred**."

### REINSTATEMENT QUOTE

If your account is past due, additional collection expenses and **legal fees may be accruing.**

### PAYOFF QUOTE

If the account is past due, collection expenses **and legal fees may be accruing**. If this is an adjustable rate Note, the per diem may change prior to payoff.

### PRE-FORECLOSURE REFERRAL LETTER

Please be aware **there may be expenses and attorney's fees and costs** incurred by Ocwen on behalf of the owner of your loan to enforce the mortgage in addition to the overdue amount on the mortgage. Any payment to reinstate the mortgage loan after acceleration **must therefore include an amount sufficient to cover such expenses and fees incurred.**

### TEMPORARY FORBEARANCE AGREEMENT

Any uncollected and unbilled amounts owed as of the date your forbearance plan begins **will remain due and payable** upon completion of the forbearance plan. This applies to any servicer advances, **including but not limited to attorney fees and costs**, **property preservation expenses, inspections and other expenses**.

### DELINQUENCY NOTICE

Failure to bring your loan current **may result in fees and foreclosure**....

This amount may not include all fees and charges, as all fees and charges may not have been billed or posted to your account as of the letter dated. Please contact us for your current **reinstatement amount or payoff amount**.

### MORTGAGE ASSISTANCE AVAILABLE TO YOU
### PLEASE READ CAREFULLY

Please note that the total amount required to bring your mortgage current noted above includes for expenses we have incurred in connection with your mortgage obligations. These expenses **may include attorney fees and costs**, **property preservation expenses, inspections, and/or other expenses resulting from your failure to pay your mortgage on time**.

## TEMPORARY REPAYMENT AGREEMENT

Additional Agreement Terms: …
If there are any outstanding fees (i.e. bankruptcy, preservation, **attorney fees**, etc.) that are incurred but have not yet been charged to the account, an adjustment to the new monthly payment as outlined in this Repayment Agreement may be necessary.

## FORBEARANCES STIPULATION AGREEMENT

Additional Sums Due on Termination Date: …
B. Any sums Ocwen has advanced that the Borrower is required to reimburse under the terms of the Note and Mortgage including, but not limited to, advances for insurance, appraisals, taxes, legal and foreclosure expenses.

**Attorney Fees and Costs**:
I understand that I must promptly repay Ocwen for any reasonable and necessary attorney fees and costs incurred by Ocwen to enforce its rights under the Agreement or to defend against any claim of any kind arising from or related to the Agreement. I also understand that any such fees and costs will become additional amounts that I owe in connection with my loan.

## LOAN REINSTATEMENT QUOTE
Important Notices

Total amount due calculation: The total other amounts outstanding and due includes expenses we have incurred in connection with the mortgage obligations. **These expenses may include attorney fees and costs**, property preservation expenses, **inspections**, and/or other expenses resulting from the failure to pay the mortgage on time.

Possible additional fees/costs: If the loan is/was recently past due, additional fees and costs may have already been incurred on the loan but not yet billed to the account. These fees and expenses, if any, will be billed to the account once they are verified and paid by Ocwen.

Fees may be accruing: If the account is past due, **additional collection expenses and legal fees** may continue to accrue up to the reinstatement "good through" date.

## MORTGAGE REINSTATEMENT QUOTE
Important Notices

Total other amount due calculation: The total of other amounts outstanding and due includes expenses we have incurred in connection with the mortgage obligations. **These expenses may include attorney fees and costs, property preservation expenses, inspections and other expenses.**

5

    Possible additional fees/costs:  If the account is or was recently past due, additional fees and costs may have already been incurred but not yet billed to the account. These fees and expenses, if any, will be billed to the account once they are verified and paid by Ocwen.

    16.    As a direct and proximate result of the acts and omissions of the Defendant, Plaintiff suffered annoyance, inconvenience, emotional distress and other losses.

### Plaintiff Has Complied with West Virginia's Right to Cure Provision

    17.    West Virginia Code § 46A-5-108(a) provides in pertinent part that "[n]o action may be brought pursuant to this article and articles two, three and four of this chapter until the consumer has informed the creditor or debt collector in writing and by certified mail, return receipt requested, to the creditor's or debt collector's registered agent identified by the creditor or debt collector at the office of the West Virginia Secretary of State . . . of the alleged violation and the factual basis for the violation and provide the creditor or debt collector forty-five days from receipt by the agent or at the principal place of business referenced above of the notice of violation . . . to make a cure offer, which shall be provided to the consumer's counsel or, if unrepresented, to the consumer by certified mail, return receipt requested."

    18.    On or about June 28, 2018, Plaintiff sent a written Right to Cure notice to Ocwen via Certified Mail, Return Receipt Requested, to Ocwen's registered agent identified by Ocwen at the office of the West Virginia Secretary of State.

    19.    The Right to Cure notice advised Ocwen of the violations alleged herein as well as the factual basis for the violations, and provided Ocwen forty-five days from receipt to make a cure offer.

    20.    Upon information and belief, the Right to Cure notice was received on July 2, 2018.

    21.    Pursuant to W. VA. Code § 46A-5-108(a), Ocwen then had 45 days to make a cure offer to Plaintiff's counsel.

6

22. Pursuant to W. Va. Code § 46A-5-108(c), any applicable statute of limitations was "tolled for the 45-day period set forth in subsection (a) of this section or for the period the effectuation of the cure offer is being performed, whichever is longer."

23. On or about August 9, 2018, Ocwen sent counsel for Plaintiff a cure offer that was not accepted.

## COUNT I
## Unfair Debt Collection

24. The foregoing paragraphs are realleged as if set forth here fully.

25. The Defendant is a debt collectors as defined by W.Va. Code § 46A-2-122(c) engaging directly or indirectly in debt collection within the State of West Virginia and, thus, subject to the provisions of W.Va. Code §§ 46A-2-122, *et seq.*, regulating debt collection practices.

26. This Complaint alleges multiple violations of the WVCCPA stemming from the Defendant's debt collection practices.

27. By contacting the Plaintiff in an attempt to collect the underlying debt or to obtain information concerning the Plaintiff through fraudulent, deceptive or misleading representations or means, as further described above, Defendant violated W.Va. Code § 46A-2-127, including subsections (d) & (g), on multiple occasions.

28. By threatening to collect additional fees and costs from the Plaintiff, Defendant made multiple false representations or implications of the character, extent or amount of its claim against the Plaintiff, in violation of W.Va. Code § 46A-2-127(d).

29. The Defendant made multiple false representations that the purported loan obligation of the Plaintiff may be increased by the addition of interest, fees or charges when in

7

fact such interest, fees or charges could not legally be assessed to the Plaintiff in violation of W.Va. Code § 46A-2-127(g).

30. By contacting the Plaintiff in connection with the collection of or attempt to collect a claim through unfair or unconscionable means, as further described above, Defendant violated W.Va. Code § 46A-2-128, including subsection (c) & (d), on multiple occasions.

31. The Defendant's debt collection practices violate West Virginia Code § 46A-2-128(c), which prohibits a debt collector from "collect[ing] or attempt[ing] to collect from the consumer all or any part of the debt collector's fee or charge for services rendered." The State Division of Financial Institutions has long recognized §46A-2-128(c) as "an explicit bar against transferring any collection costs to the borrower." See Interpretive Rulings, Div. of Fin. Institutions, Aug. 9, 2000 & Sept. 28, 2000.

32. The Defendant's debt collection practices further violate West Virginia Code § 46A-2-128(d), which forbids the collection of default charges that are not expressly authorized by agreement and statute.

33. As a result of these violations, the Plaintiff is entitled to actual damages, as more fully described herein, and are further entitled to a civil penalty for each violation of the WVCCPA, including each and every prohibited debt collection practice, in accordance with W.Va. Code §§ 46A-5-101(1) and 106.

34. The Plaintiff is entitled to reasonable attorney's fees and costs pursuant to W.Va. Code § 46A-5-104.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff respectfully requests that the Court enter judgment against the Defendant for all damages, penalties and relief alleged herein, together with pre and post judgment interest and attorney fees and costs, and any other relief the Court deems just and proper.

A TRIAL BY JURY IS DEMANDED ON ALL ISSUES SO TRIABLE

        ANNE BROWN, f/k/a GRUBB,
        Plaintiff

By:   /s/ *Jason E. Causey*
        JAMES G. BORDAS, JR. #409
        JASON E. CAUSEY #9482
        BORDAS & BORDAS, PLLC
        1358 National Road
        Wheeling, WV 26003
        (304) 242-8410
        jcausey@bordaslaw.com
        *Counsel for Plaintiff*